IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ADAM C. CLARK,

           Plaintiff,

  v.

DR. GARTH GULICK, DR. YIN, and
DR. BEAMER,

           Defendants.

Case No. 2:21-cv-00864-SI

ORDER TO DISMISS

SIMON, District Judge.

    Plaintiff, an inmate at the Eastern Oregon Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983 and paid the $402.00 civil filing fee. For the reasons set forth below, the Court summarily dismisses Dr. Yin and Dr. Beamer from this lawsuit because Plaintiff fails to state a valid claim against them for pleading purposes. *See* 28 U.S.C. § 1915(e)(2).

**<u>BACKGROUND</u>**

    Plaintiff alleges that on January 28th of this year, he suffered a broken nose at the Snake River Correctional

1 - ORDER TO DISMISS

Institution and asked to see a doctor. According to the Complaint, unidentified individuals denied Plaintiff's requests for medical attention on both January 28th and January 29th. He claims that when he was able to see Defendant Gulick about the broken nose on January 30th, Gulick refused to treat him reasoning that Plaintiff "could breath[e] through [his] mouth[.]" Complaint (#2), p. 3. He then sent Plaintiff back to his cell. Plaintiff asserts that Gulick was deliberately indifferent to his serious medical need in violation of the Eighth Amendment, and he seeks money damages and injunctive relief.

### STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that Defendants violated his constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57

(2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## **DISCUSSION**

A plaintiff wishing to bring a cause of action pursuant to 42 U.S.C. § 1983 must demonstrate compliance with the following factors: (1) a violation of rights protected by the Constitution or created by federal statute; (2) proximately caused; (3) by conduct of a person; (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff "must plead that each . . . defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Taylor v. List*,

3 - ORDER TO DISMISS

880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation).

In this case, Plaintiff names three physicians as Defendants to this case: Dr. Gulick, Dr. Yin, and Dr. Beamer. Plaintiff makes no allegations as to Dr. Yin and Dr. Beamer. Where Plaintiff fails to identify how Dr. Yin and Dr. Beamer personally participated in the Eighth Amendment violation he raises, Defendants Yin and Beamer are summarily dismissed. The case may proceed as to Dr. Gulick.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Defendants Yin and Beamer are summarily dismissed where Plaintiff fails to state a claim against them upon which the Court can grant relief. The case may proceed as to Dr. Gulick, and the Court will issue a Notice of Lawsuit and Request for Service of Summons as to Dr. Gulick.

IT IS SO ORDERED.

| | |
|---|---|
| July 20, 2021 | /s/ *Michael H. Simon* |
| DATE | Michael H. Simon<br>United States District Judge |

4 - ORDER TO DISMISS